# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| James Robert Mingucci | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| CommunityAmerica Credit Union, | ) | |
| | ) | |
| Serve CEO at: | ) | |
| CommunityAmerica Credit Union | ) | |
| 9777 Ridge Dr. | ) | |
| Lenexa, KS 66219 | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| Serve Registered Agent at: | ) | |
| CSC – Lawyers Incorporating Service Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 665101 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff James Robert Mingucci, by and through his attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in his Complaint for Damages states and alleges to the Court as follows:

## INTRODUCTION

This is an action for damages brought by individual consumer James Robert Mingucci against CommunityAmerica Credit Union and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

1

## JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that both Defendants transact business in the state of Missouri and Missouri is where the injuries occurred.

## PARTIES AND SERVICE

3. James Robert Mingucci (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Missouri.

4. Defendant CommunityAmerica Credit Union, hereafter ("**Defendant CACU**"), is a business entity that regularly conducts business in Missouri, and may be served at its corporation headquarters at 9777 Ridge Dr., Lenexa, KS 66219.

5. Defendant Equifax Information Services, LLC, hereafter ("**Defendant Equifax**"), is a business entity that regularly conducts business in Missouri, and may be served through its Registered Agent, CSC – Lawyers Incorporating Service Company, at 221 Bolivar Street, Jefferson City, MO 65101.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. On December 28, 2009, Plaintiff filed a Chapter 13 Bankruptcy in the Western District of Missouri, Case No. 09-46320-can13.

2. Plaintiff proposed to discharge several debts owed to Defendant CACU.

3. Defendant CACU did not object to the treatment of discharging the debts.

4. Plaintiff received his discharge on September 16, 2014.

2

5. The Certificate of Service of the Discharge Order showing Defendant CACU received notice of Plaintiff's Discharge is attached as Exhibit A.

6. On or about February 26, 2015, Plaintiff requested and reviewed his credit reports from Equifax, Experian and TransUnion.

7. Plaintiff became aware that Defendant CACU was misreporting information on his Equifax credit report.

8. Defendant CACU was reporting incorrectly on Plaintiff's credit report that there was still an outstanding balance of $3,182.

9. On March 31, 2015, Plaintiff sent a letter with his bankruptcy information to Equifax disputing Defendant CACU's incorrect reporting in accordance with 15 U.S.C. § 1681i.

10. A copy of Plaintiff's dispute letter is attached as Exhibit B.

11. Equifax sent a Consumer Dispute Verification to Defendant CACU as required by 15 U.S.C. § 1681i.

12. Defendant CACU failed to correct the balance reported on Plaintiff's Equifax credit report.

13. Despite the receipt and knowledge of Plaintiff's dispute letter, Defendant CACU was still willfully misreporting to Equifax that there was an outstanding balance of $3,182.

14. Plaintiff's incorrect Equifax credit report is attached as Exhibit C.

15. Defendant CACU's failure to conduct a reasonable investigation of Plaintiff's account, as reported to Equifax, was a substantial factor causing Plaintiff emotional distress, frustration, missed time from work in order to tend to this matter, missed personal time in order to tend to this matter, vehicle operating costs for miles driving in order to tend to this matter, inconvenience and the hindrance to his fresh start entitled under the Bankruptcy Code.

16. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## DEFENDANT CACU
## VIOLATIONS OF THE FCRA

17. Plaintiff repeats, realleges and incorporates by reference each and every prior paragraph in this Complaint.

18. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

19. Defendant CACU qualifies as a "furnisher of information to credit reporting agencies" within the meaning of the FCRA.

20. The FCRA prohibits furnishers of information to credit reporting agencies (hereafter "**CRAs**") to furnish information which is inaccurate, irrelevant, and improper, or which such furnishers have reason to believe is inaccurate.

21. Delinquencies, account balances, and other repayment information on a loan is consumer report information to CRAs within the purview of the FCRA.

22. The FCRA also provides privately enforceable duties where consumers may dispute the accuracy and completeness of information by initiating a reinvestigation through the CRAs. 15 U.S.C. § 1681i.

23. After receipt of a disputed account from a CRA, a furnisher has a duty to reinvestigate and review the information provided and conduct its own investigation of the accuracy and completeness of the disputed information.

24. The courts have consistently adopted the standard that the furnisher's reinvestigation must be evaluated under a reasonable investigation standard, which should be

4

evaluated from a number of factors.

25. The furnisher must consider the information communicated in or with the notice of dispute from the CRA. 15 U.S.C. § 1681i(a)(1)(A).

26. In addition, the furnisher must also consider other information available to it, including earlier complaints or other communications received from the consumer before the reinvestigation ever began. *Bruce v. First U.S.A. Bank*, 103 F.Supp.2d 1135 (E.D. Mo. 2000).

27. It is important to keep in mind that the duties of furnishers of information imposed under § 1681s-2(b) are only triggered after the furnisher receives notice of a consumer's dispute from a CRA. Regardless of which CRA notified a furnisher of information of a consumer dispute, a furnisher may have duties related to the other CRAs, such as reporting that information was found to be incomplete or inaccurate or modifying, deleting, or blocking the reporting of the information. *Tilley v. Global Payments, Inc.*, 603 F.Supp.2d 1314 (D. Kan., 2009).

28. Any furnisher who fails to comply with the investigation requirements is liable to the consumer for statutory damages, the costs of litigation, and attorney fees. 15 U.S.C. § 1681o.

29. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages between $100 and $1000 per violation, for punitive damages, as well as for costs and attorney fees. 15 U.S.C. § 1681n.

30. The standard for willful violation of the FCRA is reckless disregard, and that reckless disregard need not be knowing, intentional, premeditated, or malicious. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

31. After receiving notice of Plaintiff's dispute letter from Equifax, Defendant CACU should have conducted a reinvestigation and properly updated the information reported on

5

Plaintiff's account to Equifax, but failed to do so.

32. As a result of the actions of Defendant CACU, Plaintiff suffered damages including emotional distress and frustration.

33. The plain language of the FCRA's damages provisions permits Plaintiff to recover "any actual damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681n(a)(1)(A).

34. Further, minimum statutory damages between $100 and $1000 per violation, punitive damages, as well as the costs of the litigation and attorney fees are available when a furnisher willfully violates its duties under the FCRA. *Rodgers v. McCullough*, 296 F. Supp.2d 895 (W.D. Tenn. 2003).

35. Defendant CACU was notified by Equifax of Plaintiff's dispute letter requesting a reinvestigation that it was reporting inaccurate information on Plaintiff's credit report.

36. Defendant CACU elected to ignore that information it received, failed to do a reasonable reinvestigation and refused to correct Plaintiff's Equifax credit report.

37. The purpose of the reinvestigation is not simply to confirm that the credit reporting agency has recorded accurately the information initially furnished by the creditor, but also to determine in good faith the accuracy of the information itself in light of available information.

38. Defendant CACU knew it was required by law to have reinvestigation procedures and protocols in place to conduct a reinvestigation of Plaintiff's account information and Defendant CACU's failure and refusal to have proper procedures in place to conduct a reasonable investigation of Plaintiff's account constitutes willful, conscious and reckless disregard for Plaintiff's rights, including those under the FCRA.

39. Defendant CACU's failure and refusal to conduct a reasonable investigation and correct the information Defendant CACU is furnishing to Equifax concerning Plaintiff's account constitutes a willful violation of the FCRA.

40. Defendant CACU fails and refuses to have the proper policies and procedures in place with regards to the credit reporting on accounts included in bankruptcy.

41. This failure and refusal is compounded by Defendant CACU's failure and refusal to have the proper policies and procedures in place to investigate and correct mistakes reporting to the credit reporting agencies and is willful, intentional and in conscious disregard of the rights of Plaintiff and others justifying the imposition of punitive damages.

WHEREFORE, Plaintiff prays judgment in his favor for damages as provided by the FCRA in such amount as fair and reasonable, for his actual damages incurred, for the imposition of punitive damages against Defendant CACU in such sum as will deter CACU and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

42. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

43. Defendant Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

44. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

45. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant Equifax is liable to Plaintiff for engaging in the following conduct:

7

a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

b. Willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's disputes to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

c. Willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the disputes of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

d. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

e. Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

f. Willfully and negligently failing to note Plaintiff's disputes of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

g. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff;

h. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

      i. Willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

      j. Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

46. Defendant Equifax's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in his favor for damages as provided by the FCRA in such amount as fair and reasonable, for his actual damages incurred, for the imposition of punitive damages against Defendant Equifax in such sum as will deter Defendant Equifax and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff James Robert Mingucci respectfully requests this Court award the following:

    a. Actual Damages;

    b. Statutory Damages for each violation of the FCRA;

    c. Punitive Damages;

    d. Costs and reasonable attorney's fees pursuant to the FCRA;

    e. Removal of all misreported information from Plaintiff's Equifax credit report;

f.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

*/s/* Chelsea S. Springer

Chelsea S. Springer #51089
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO  64106
Phone: (816) 842-1317
Fax: (816) 842-0315
admin@tlrlaw.com
Attorney for Plaintiff