IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| JAMES ROBERT MINGUCCI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:15-cv-04137 |
| | ) | |
| COMMUNITYAMERICA CREDIT UNION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT COMMUNITYAMERICA CREDIT UNION'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW Defendant CommunityAmerica Credit Union (the "Credit Union"), and for its Answer and Affirmative Defenses to Plaintiff James Robert Mingucci's Complaint for Damages (Doc. 1) (the "Complaint"), states as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint states a legal conclusion for which no response is required. To the extent a response is required, the Credit Union denies the allegations.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

### PARTIES AND SERVICE

3. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 3 of the Complaint, and therefore denies same.

4. The Credit Union admits that it is a business entity with its headquarters at 9777 Ridge Dr., Lenexa, KS 66219. The remainder of the allegations in paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

5. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 5 of the Complaint, and therefore denies same.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 1[1] of the Complaint, and therefore denies same.

2. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 2 of the Complaint, and therefore denies same.

3. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 3 of the Complaint, and therefore denies same.

4. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 4 of the Complaint, and therefore denies same.

5. The Credit Union admits that a document is attached to the Complaint as Exhibit A and that this document speaks for itself. The Credit Union is without sufficient information to admit or deny as to the authenticity of the document attached as Exhibit A.

6. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 6 of the Complaint, and therefore denies same.

7. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 7 of the Complaint, and therefore denies same.

8. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 8 of the Complaint, and therefore denies same.

9. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 9 of the Complaint, and therefore denies same.

---

[1] The Complaint begins renumbering at paragraph 1 with this section. For consistency, the Credit Union follows suit in this Answer.

10. The Credit Union admits that a document is attached to the Complaint as Exhibit B and that this document speaks for itself. The Credit Union is without sufficient information to admit or deny as to the authenticity of the document attached as Exhibit B.

11. The Credit Union denies the allegations contained within paragraph 11 of the Complaint.

12. The Credit Union denies the allegations contained within paragraph 12 of the Complaint.

13. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 13 of the Complaint, and therefore denies same.

14. The Credit Union admits that a document is attached to the Complaint as Exhibit C and that this document speaks for itself. The Credit Union is without sufficient information to admit or deny as to the authenticity of the document attached as Exhibit C.

15. The Credit Union denies the allegations contained within paragraph 15 of the Complaint.

16. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 16 of the Complaint, and therefore denies same.

## COUNT I
## DEFENDANT CACU
## VIOLATIONS OF THE FCRA

17. The allegations, statements, and averments set forth in the preceding paragraphs 1-16 hereof are hereby reincorporated by reference.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

19. Paragraph 19 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

20. Paragraph 20 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

21. Paragraph 21 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

22. Paragraph 22 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

23. Paragraph 23 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

24. Paragraph 24 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

25. Paragraph 25 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

26. Paragraph 26 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

27. Paragraph 27 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

28. Paragraph 28 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

31. The Credit Union is without sufficient information to admit or deny the allegations contained within paragraph 31 of the Complaint, and therefore denies same.

32. The Credit Union denies the allegations contained within paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

34. Paragraph 34 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

35. The Credit Union denies the allegations contained within paragraph 35 of the Complaint.

36. The Credit Union denies the allegations contained within paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the Credit Union denies the allegations.

38. The Credit Union denies the allegations contained within paragraph 38 of the Complaint.

39. The Credit Union denies the allegations contained within paragraph 39 of the Complaint.

40. The Credit Union denies the allegations contained within paragraph 40 of the Complaint.

41. The Credit Union denies the allegations contained within paragraph 41 of the Complaint.

## COUNT II
## DEFENDANT EQUIFAX
## VIOLATIONS OF THE FCRA

Count II is not directed to the Credit Union, such that no response from the Credit Union is required. To the extent any response is required, the Credit Union denies the allegations.

### Affirmative Defenses

**COMES NOW** the Credit Union, by and through counsel, states, avers, and alleges the following affirmative defenses:

1. The allegations of the Complaint fail to state a claim against the Credit Union upon which relief can be granted.

2. The allegations in the Complaint and the relief requested are barred in whole or in part by the doctrine of unclean hands.

3. Plaintiff, though under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have, and is therefore barred from recovering damages, if any, from the Credit Union.

4. No damages can be awarded to Plaintiff to the extent that the damages allegedly suffered are not reasonably calculable or ascertainable.

5. Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than the Credit Union. The liability, if any exists, of the Credit Union and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of the Credit Union should be reduced accordingly.

6. The Credit Union acted in good faith, with conformity and reliance upon all applicable laws, rules and regulations and was privileged in its actions.

7. The Credit Union did not act with malice in disseminating any information regarding Plaintiff.

8. The Credit Union is not a "credit reporting agency" as defined by the FCRA.

9. At all relevant times, the Credit Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing reports related to Plaintiff.

10. The Credit Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

11. The Credit Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

12. Any alleged damages to Plaintiff, which the Credit Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

13. The Credit Union did not receive any notice of a Consumer Dispute regarding its accounts with Plaintiff.

14. Plaintiff's prayer for punitive damages must be denied because:

    a. An award of punitive damages against the Credit Union deprives it of property without due process of law since the basis for an award of such damages is vague and indefinite and is not the basis of any consistent standard to be applied to conduct subjecting the

Credit Union to such damages, all in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri.

    b. An award of punitive damages against the Credit Union subjects it to multiple jeopardy or punishment for the alleged commission of a single act in violation of the Eighth Amendment to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri.

    c. An award of punitive damages against the Credit Union subjects it to excessive fines and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri.

    d. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because the standard for determining whether to impose punitive damages is vague and indefinite and does not provide adequate guidance to the trier of fact, and the law fails to explain in comprehensible terms the conduct prohibited, thus requiring the Credit Union to speculate as to what conduct is prohibited.

    e. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because the standard for assessing the amount of punitive damages is vague and indefinite and does not provide adequate guidance to the trier of fact, and the law fails to explain in comprehensible terms the penalties for violating the law, thus

requiring the Credit Union to speculate as to the consequences.

    f. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, by permitting unconstitutionally excessive punishment.

    g. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, by permitting the trier of fact to impose punitive damages without requiring a greater burden of proof.

    h. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because imposition of punitive damages in this case is fundamentally unfair and lacks adequate procedural safeguards, both as to the imposition of punitive damages and assessment of the amount.

    i. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because it permits laws to be enforced at the sole discretion of a decision maker.

    j. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and

9

Case 2:15-cv-04137-NKL   Document 14   Filed 08/12/15   Page 9 of 14

Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because the jury's findings both of liability for punitive damages and of the amount, are incapable of adequate appellate or other post-verdict review.

      k.     An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing the liability for and the amount of the penalty.

      l.     An award of punitive damages deprives the Credit Union of property without due process of law in violation of the bills of attainder and *ex post facto* clauses of the United States Constitution, and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri by imposition of a retroactive standard governing liability for punitive damages and the amount.

      m.     An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, since Missouri law erroneously permits arbitrary, capricious, and discriminatory enforcement.

      n.     An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because such an award results in multiple punishments for a single act or course of conduct.

10

Case 2:15-cv-04137-NKL   Document 14   Filed 08/12/15   Page 10 of 14

o. An award of punitive damages deprives the Credit Union of property without due process of law and puts it in jeopardy more than once in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri.

p. An award of punitive damages deprives the Credit Union of property without due process of law by imposing excessive fines and cruel and unusual punishment, in violation of the Credit Union's rights under the Eighth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri.

q. An award of punitive damages deprives the Credit Union of property without due process of law and deprives the Credit Union of equal protection of the laws, in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because Missouri laws governing an award of punitive damages are not rationally related to a legitimate state interest, and in any event, are not the least restrictive means by which to accomplish any state interest to be served.

r. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because Missouri law provides no cap or other comprehensible limitation on the amount of an award of punitive damages.

s. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and

Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because the procedures utilized in the trial on the issue of punitive damages failed to provide adequate guarantees of the presumption of innocence.

  t. An award of punitive damages deprives the Credit Union of property without due process of law in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, since the procedure for trial on the issue of punitive damages does not permit the Credit Union adequate peremptory challenges to the jury panel.

  u. An award of punitive damages is punishment which may be awarded by less than a unanimous verdict in violation of the Sixth Amendment and Article III, Section 2 of the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri.

  v. An award of punitive damages deprives the Credit Union of property without due process of law and further deprives the Credit Union of equal protection of the laws in violation of the Credit Union's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because the jury is told to take into consideration the evidence of the Credit Union's net worth, implying to the jury that it would be more appropriate to punish one defendant rather than another defendant under similar circumstances who had a lesser net worth.

  w. An award of punitive damages has the effect of treating the Credit Union differently and discriminatorily thus depriving the Credit Union of property without due process of law and further depriving the Credit Union of equal protection of the law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Bill of Rights,

Section 19 of the 1945 Constitution of Missouri.

          x.    An award of punitive damages violates the Credit Union's right to equal protection and deprives the Credit Union of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United State Constitution and Article I, Bill of Rights, Section 19 of the 1945 Constitution of Missouri, because the amount of any award of punitive damages is supposed to represent not only an amount intended to deter the Credit Union's future conduct, but also to deter all others' conduct in the future.

16. The Credit Union specifically reserves the right to assert any legal defense, affirmative or otherwise, to this action as may become apparent as discovery progresses.

WHEREFORE, having answered each and every allegation contained within the Complaint and having set forth valid affirmative defenses, the Credit Union prays that the Court enter a judgment in its favor and against Plaintiff; that the Court award the Credit Union its costs incurred in defending this action; and that the Court award the Credit Union such relief as the Court may deem just and proper.

Respectfully submitted,

LEWIS RICE LLC

By: /s/ Daniel R. Luppino
Thomas M. Martin    MO #38811
Daniel R. Luppino    MO #63984
1010 Walnut Street, Suite 500
Kansas City, Missouri 64106
TEL: (816) 421-2500
FAX: (816) 472-2500
ATTORNEYS FOR DEFENDANT
COMMUNITYAMERICA CREDIT UNION

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of August, 2015, a copy of the foregoing was served by electronically filing it with the Court using the CM/ECF system, which sent notification all parties of interest participating in the CM/ECF system:

Chelsea S. Springer
The Law Offices of Tracy L. Robinson, LC
1125 Grand Boulevard, Suite 1300
Kansas City, MO 64106
*Attorney for Plaintiff*

G. Gabriel Zorogastua
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
*Attorney for Defendant Equifax*

                                                                           /s/ Daniel R. Luppino
                                                                           ATTORNEYS FOR DEFENDANT
                                                                           COMMUNITYAMERICA
                                                                           CREDIT UNION